UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
VICTOR SAMARA,

                        Plaintiff,                    MEMORANDUM
                                                AND ORDER
   -against-                                      02 CV 1407 (RML)

GANGEMI & GANGEMI, *et al.*,

                        Defendants.
----------------------------------------------------------X

LEVY, United States Magistrate Judge:

       By order dated May 14, 2004, the Honorable Raymond J. Dearie, United States District Judge, referred attorney Alan C. Trachtman's motion for a retaining lien and for an order setting his legal fee to me.[1] By Order dated June 30, 2004, I granted Mr. Trachtman's motion for a retaining lien, directed defendants John F. Gangemi and Ursula A. Gangemi (the "Gangemis") to post a bond in the amount of $22,418.89, and ordered the parties to appear before me for a hearing on the amount of fees due and owing. After a few adjournments, the hearing took place on January 4, 2005. Post-hearing submissions have been received. For the reasons stated below, the Gangemis are ordered to pay Mr. Trachtman $14,100.62 in legal fees, plus $1,607.97 in pre-judgment interest.

## BACKGROUND

       The relevant facts are set forth in my Order dated June 30, 2004, familiarity with which is assumed. Briefly, Mr. Trachtman withdrew as counsel for the Gangemis, with his

---

[1] The plaintiff and defendants later consented to have this action assigned to a United States Magistrate Judge for all purposes, including trial. (See Consent to Magistrate Judge, dated Sept. 21, 2004.)

clients' and the court's permission,[2] and now seeks payment of his legal fees. The court has exercised supplemental jurisdiction over the fee dispute. In his post-hearing submission, Mr. Trachtman states that he now seeks $14,100.62, plus statutory interest, as the amount due and owing with respect to his work on this case. (See Letter of Francis W. Turner, Esq., dated Mar. 9, 2005 ("Turner Ltr."), at 1.) The Gangemis – both of whom are themselves attorneys – object, claiming that they challenged Mr. Trachtman's bills, that he failed to follow their instructions regarding litigation strategy, and that he has not properly supported his claim as to the number of hours rendered on this matter. (See Letter of Ursula A. Gangemi, Esq., dated Apr. 1, 2005.)

## DISCUSSION

Mr. Trachtman seeks to recover under the theory of account stated. As explained in my Order dated June 30, 2004, to recover on an account stated claim under New York law, the movant must prove the existence of an agreement between the parties based on prior transactions between them. Carey v. Lau, 140 F. Supp. 2d 291, 298 (S.D.N.Y. 2001) (citing LeBoeuf, Lamb, Greene & MacRae, LLP v. Worsham, 185 F.3d 61, 64 (2d Cir. 1999)); see also O'Shea v. Brennan, No. 02 Civ. 3396, 2004 WL 583766, at *9 (S.D.N.Y. Mar. 23, 2004). Such an agreement is implied if the movant shows that (1) the clients received invoices from the attorney, and (2) the clients failed to object within a reasonable time or made partial payment on account. Carey, 140 F. Supp. 2d at 298 (citing LeBoeuf, Lamb, 185 F.3d at 64). "This is true unless fraud, mistake, or other equitable considerations are shown." Id. (citing Kramer, Levin, Nessen, Kamin

---

[2] The record indicates that the Gangemis did not object to Mr. Trachtman's withdrawal as counsel, but only to the amount of his fee. (See Letter of Alan C. Trachtman, Esq., dated Mar. 3, 2004.) At that time, Mr. Trachtman was seeking payment on all of the fees due him for his work on all of the cases for which he was retained, totaling $22,418.89, plus interest. (Id.) He has since revised his request to seek payment only on fees related to the instant case, as the court lacks jurisdiction over the other matters.

& Frankel v. Aronoff, 638 F. Supp. 714, 719 (S.D.N.Y. 1986)). A client's objection must be timely and must be based on the reasonableness of the fees charged. O'Shea, 2004 WL 583766, at *9 (citing Feldman v. Talon Paint Prods., Inc., No. 01 Civ. 5657, 2002 WL 31385826, at *5 (S.D.N.Y. Oct. 22, 2002)). Thus, "'[a]n objection made for the first time upon the commencement of proceedings will not suffice.'" Id. (quoting Feldman, 2002 WL 31385826, at *5). See also O'Connell and Aronowitz v. Gullo, 644 N.Y.S.2d 870, 871-72 (3d Dep't 1996) (attorney's claim for account stated was established where client did not object to statement of account until attorney commenced proceeding to recover legal fees).

Under New York law, "'[i]t is not necessary [for an attorney] to establish the reasonableness of the fee since the client's act of holding the statement without objection will be construed as acquiescence as to its correctness.'" Carey, 140 F. Supp. 2d at 298 (quoting O'Connell, 644 N.Y.S.2d at 871). Moreover, "[u]nder New York law, the making of [partial] payments [has] been viewed as an 'acknowledgment of the correctness of the account.'" Bresler v. Hostage, 696 F. Supp. 46, 49 (S.D.N.Y. 1988) (quoting Kramer, Levin, 638 F. Supp. at 720).

Here, the Gangemis signed a series of retainer agreements in which they agreed to pay Mr. Trachtman for representing them in four legal matters, including this case, at the rate of $300 per hour. (Transcript of Hearing, dated Jan. 4, 2005 ("Tr."), at 9.) It is undisputed that the Gangemis then made a number of payments totaling approximately $23,000 (Letter of Alan C. Trachtman, Esq., dated Mar. 3, 2004, at 2), including one partial payment of $1,000 after receiving the last invoice in January 2004. (Letter of Alan C. Trachtman, Esq., dated June 7, 2004, at 2; Letter of Alan C. Trachtman, Esq., dated May 11, 2004, Ex. J.) Mr. Trachtman now seeks payment on five invoices dated August 7, 2003, September 10, 2003, October 8, 2003, November 13, 2003, and January 9, 2004. (Turner Ltr. at 3.) At the hearing, he acknowledged that he did not divide his

bills by the case, testifying that the Gangemis had agreed to receive one combined bill per month for all four matters. (Tr. at 10-11.) However, Mr. Trachtman states that he has reviewed his billing and expense records and has redacted the invoices to reflect only his work on the instant case. (Id. at 2, n. 2; Tr. at 17- 30, 64 (explaining the redactions in detail).) He testified that he never received any complaints or objections regarding his bills, either orally or in writing, from the Gangemis until after he moved to withdraw as counsel. (Tr. at 46-47.)

For their part, the Gangemis do not deny that they received Mr. Trachtman's bills, but they claim to have challenged the bills orally. John Gangemi described a conversation, which he said took place sometime between November 2003 and January 2004, in which he allegedly told Mr. Trachtman that his bills were "horrendous," "horrific," "unconscionable," and "outrageous." (Tr. at 100-01, 106.) He conceded, however, that neither he nor Ursula Gangemi ever made any objections in writing. (Id. at 105-06, 113-14.) The Gangemis also claim that Mr. Trachtman refused to file a summary judgment motion when they asked him to do so, and they argue that it is impossible to discern from Mr. Trachtman's billing records how much time he spent on each individual case. (Tr. at 5-6, 102.)

Mr. Trachtman acknowledged that he met with John Gangemi on at least two occasions to discuss the Gangemis' failure to pay his bills, but he denied that either John Gangemi or Ursula Gangemi ever objected to the bills or complained about the quality of his work. (Tr. at 60-61, 71.) He also testified that he informed his clients that he planned to file a summary judgment motion at the close of discovery, but that he did not consider it appropriate, in his professional judgment, to do so earlier. (Id. at 52.)

Having reviewed all of the testimony and the submissions thoroughly, I find Mr. Trachtman's testimony credible and the Gangemis' alleged objections to Mr. Trachtman's bills

vague and unsupported. It is well-settled that conclusory and unsubstantiated objections are insufficient to defeat a claim for account stated. See FTI Consulting, Inc. v. Rossi, No. 03 Civ. 4033, 2004 WL 359378, at *4 (S.D.N.Y. Feb. 25, 2004) (objection to a bill must be specific and relate to the correctness of the account, rather than a vague expression of "concern"); Lankler Siffert & Wohl v. Rossi, 287 F. Supp. 2d 398, 408 (S.D.N.Y. 2003) ("The alleged objections . . . are conclusory and unsubstantiated, and do not provide any detail as to the nature of the objections"), aff'd, 2005 WL 758173 (2d Cir. Apr. 4, 2005); Darby & Darby, P.C. v. VSI Int'l Inc., 739 N.E.2d 744, 748 (N.Y. 2000) (defendant's "self-serving, bald allegations of oral protests" deemed insufficient to raise a triable issue of fact as to the existence of an account stated); Greenspan & Greenspan v. Wenger, 742 N.Y.S.2d 875, 875 (2d Dep't 2002) ("The defendant failed to raise a triable issue of fact because he did not submit any written documentation or evidentiary proof to support his claim that he objected to the invoices, and did not provide details concerning the content of the conversations in which he allegedly objected to the bills"); Morrison Cohen Singer & Weinstein v. Ackerman, 720 N.Y.S.2d 486, 487 (1st Dep't 2001) (client's "self-serving, conclusory and unsubstantiated allegations" that she orally objected to bills presented by law firm were insufficient to defeat firm's claim for account stated).

As for the divisibility of the bills, I have reviewed Mr. Trachtman's testimony and I find his explanations credible and his redactions reasonable. Where there was any uncertainty as to the matter at issue, Mr. Trachtman redacted the entire time entry. (See, e.g., Tr. at 28, 74-75.) Where it was clear that a time entry combined two different matters, including this case, he made an estimate apportioning only a small increment of time to this case. (See, e.g., Tr. at 64-65, 68-69.) In short, he has given the Gangemis the benefit of the doubt in his redactions and has reduced the amount sought considerably.

Finally, Mr. Trachtman seeks prejudgment interest. It is well-settled that state law applies to an award of prejudgment interest in a diversity action in federal court. See, e.g., Baker v. Dorfman, 239 F.3d 415, 425 (2d Cir. 2000); Schwimmer v. Allstate Ins. Co., 176 F.3d 648, 650 (2d Cir. 1999). Since New York law applies, New York Civil Practice Law and Rules § 5001(a) governs the issue of prejudgment interest. That section provides that "[i]nterest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion." N.Y. C.P.L.R. § 5001(a). Actions for account stated are generally considered equitable in nature. EMI Music Marketing v. Avatar Records, Inc., No. 03 Civ. 2783, 2005 WL 743071, at *6 (S.D.N.Y. Mar. 31, 2005). Here, I find that equity supports an award of prejudgment interest in order to provide full compensation to Mr. Trachtman for his legal fees. See Thomas v. City of Mount Vernon, No. 89 Civ. 0552, 1992 WL 84560, at *3 (S.D.N.Y. Apr. 10, 1992) (explaining that "[t]he underlying purpose of prejudgment interest . . . is the need to fully compensate the wronged party for actual damages suffered, *i.e.*, to make him whole").

Prejudgment interest is "computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred. Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." N.Y. C.P.L.R. § 5001(b). Mr. Trachtman has calculated the interest in accordance with these principles, at New York's statutory rate of nine percent, to total $1,607.97. Because I find Mr. Trachtman's computations appropriate, and because the Gangemis

have not objected to them, they are hereby adopted.  See Muskin v. Ketchum, No. 04 Civ. 283, 2004 WL 2360151, at *1 (S.D.N.Y. Oct. 20, 2004) (awarding prejudgment interest on attorney's fees).

## CONCLUSION

For the foregoing reasons, defendants John F. Gangemi and Ursula A. Gangemi are hereby ordered to pay Alan C. Trachtman, Esq. $14,100.62 in legal fees, plus $1,607.97 in pre-judgment interest.  The Clerk of the Court is directed to enter judgment for Mr. Trachtman in the amount of $15,708.59.

SO ORDERED.

Dated: Brooklyn, New York
       May 3, 2005

_____s/_____
ROBERT M. LEVY
United States Magistrate Judge